

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NAOMI MOODY**                                                                 **PLAINTIFF**

VS.                                              CIVIL ACTION NO: 3:21-cv-281-CWR-FKB

**KENNETH WAYNE SMITH;**                                                        **DEFENDANTS**
**KIMBERLY SMITH DBA PRO CARS; AND**
**JOHN DOES 1-10**

## COMPLAINT
### (JURY TRIAL DEMANDED)

COMES NOW, Plaintiff, Naomi Moody (hereafter "Ms. Moody" or "Plaintiff")), by and through undersigned counsel of record and files this Complaint against and for cause would show unto this Honorable Court the following, to wit:

### PARTIES

1. Plaintiff, Naomi Moody is an adult citizen of Madison County, Mississippi, and presently resides at 149 Northgate Drive in Canton, Mississippi 39046.

2. Defendant Kimberly Smith DBA Pro Cars (hereafter "Defendant Pro Cars"), is a home corporation organized under the laws of Missouri and may be served with Complaint by serving Kimberly Smith 1537b Route 66 East in Lebanon, Missouri 65536.

3. Defendant Kenneth Wayne Smith (hereafter "Defendant Smith") is believed to be an adult resident of the State of Missouri whose last known address is 19775 Jasmine Road in Lebanon, Missouri 65536.

4. John Does 1-5 are the owners, operators, managers, and all other entities, corporate and/or individuals, of the vehicle that was being operated by Defendant Smith, at the time

1

of the complained of incident and who were in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for the Plaintiff's injuries and damages.

5. John Does 6-10 are the entities, corporate and/or individuals, that provided uninsured/underinsured motorist insurance for the vehicle that was being operated by Ms. Moody at the time of the complained of incident and who are in some manner contractually obligated to provide uninsured/underinsured motorist to Plaintiff for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

## II. JURISDICTION

6. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332 as it is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

7. This Court has jurisdiction over the Defendants pursuant to Miss. Code Ann. §13-3-57 as those Defendants committed torts against residents of the State of Mississippi. This Court's exercise of jurisdiction over the Defendants is in accordance with the Fourteenth Amendment of the United States Constitution as the Defendants had and have sufficient contacts with the State of Mississippi.

## III. VENUE

8. This Court is the proper venue for this action pursuant to 28 U.S.C. §1391(a)(2) as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTS

9. Plaintiff adopts and alleges the allegations contained in paragraphs 1 through 8 of this Complaint as if fully set out herein.

10. On September 28, 2020, the Plaintiff was driving her vehicle in a lawful and prudent manner westbound on West Peace Street.

11. The Defendant Pro Cars' truck, driven by Defendant Smith was in the turn lane facing east waiting on traffic to clear enabling him to cross the westbound lane.

12. When an unknown driver signaled to proceed across, Defendant Smith attempted to cross the westbound lane of traffic causing the collision with Plaintiff's vehicle.

13. Defendant Pro Cars' employee, Defendant Smith, was in the course and scope of his employment with Defendant Pro Cars. at the time of the wreck and as a result, Defendant Pro Cars. is liable for any and all negligent acts of their employee.

14. The collision was caused by the recklessness, carelessness, and/or negligence of Defendant Smith while in course and scope of employment for Pro Cars, for that among other acts, the Defendants:

   a) Failed to observe due care and precaution and maintain proper and adequate control of his motor vehicle;

   b) Failed to keep a proper lookout for the vehicles lawfully upon the road;

   c) Failed to exercise reasonable care in the operation of the motor vehicle he was operating under the circumstances then and there existing at the time of the subject incident;

   d) Committed other acts of negligence that will be proven at the trial of this cause.

15. As a proximate result of said collision and employee of Defendant Pro Car.'s negligent acts, the Plaintiff was seen by medical providers for treatment of the injuries received in the above referenced collision.

16. As a direct and proximate result of the negligence of the Defendant Pro Cars. as set forth above, the Plaintiff sustained damages, including but not limited to physical injuries; past, present and/or future pain and suffering; past, present, and/or future emotional distress; past, present and/or future medical expenses; past, present and/or future lost wages/earnings, and other damages that will be proved at the trial of this matter.

## COUNT ONE: NEGLIGENCE

17. Plaintiff adopts an alleges the allegations contained in paragraphs 1 through 16 of this Complaint as if fully set out herein.

18. Defendant Smith, while in course and scope of his employment and/or agency with Defendant Pro Cars, negligently failed to safely operate their vehicle on September 28, 2020, which proximately caused the resultant collision and injuries to the Plaintiff.

19. Defendant Pro Cars is liable as a result of their relationship with Defendant Smith via respondeat superior and vicarious liability but also are negligent and liable for their own independent negligence, including, but not limited to negligent entrustment, negligent hiring, negligent training, negligent supervision, and negligent inspection and maintenance of the vehicle.

20. For the above-referenced negligence, Plaintiff is entitled to damages.

## COUNT TWO: GROSS NEGLIGENCE

21. Plaintiff adopts and alleges the allegations contained in paragraphs 1 through 20 of this Complaint as if fully set out herein.

22. At the time of the collision made the basis of this suit, Defendant Smith and Defendant Pro Cars acted wantonly and in reckless disregard for the safety and welfare of other persons in that they:

    a. in reckless disregard for the safety and welfare of others, carelessly ignored their surroundings and thereby intentionally causing the aforementioned damages to the Plaintiff which were the reasonably foreseeable consequences of their wanton, reckless or intentional misconduct;

    b. engaged in such other and further acts of wanton, reckless or intentional wrongdoing as subsequent discovery may reveal;

23. Said conduct was willful, wanton and grossly negligent and exhibited reckless disregard for the rights and safety of Plaintiff so as to give rise to an award of punitive damages.

24. As a result of the negligence of Defendant Smith and Defendant Pro Cars, Plaintiff suffered damages, including but not limited to, past pain, suffering and mental anguish, accrued medical expenses, lost earnings and other damages to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests a trial by jury and demands including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present and future physical and emotional pain and suffering, past, present and future medical expenses; past, present and future lost wages/earnings and any other special

damages that may be incurred by the Plaintiff, together with attorney's fees, costs of suit and any further relief as the court may deem proper not exceed the jurisdictional limits of this Court.

**RESPECTFULLY** submitted this ___16th___ day of April, 2021.

_____
Samuel F. Creasey, Esq.

OF COUNSEL:

Samuel F. Creasey, Esq. (MSB No. 99555)
MORGAN & MORGAN
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 949-3388
Facsimile: (601) 718-2094
Email: screasey@forthepeople.com